UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 4:23-CR-153 |
| v. | **PLEA AGREEMENT** |
| MAJOK MAJOK, also known as "Jok" and "Magok Magok," | |
| Defendant. | |

The United States of America (also referred to as "the Government"), Defendant, Majok Majok, also known as "Jok" and "Magok Magok," and Defendant's attorney, enter into this Plea Agreement.

**A. CHARGES**

1. <u>Subject Offenses</u>. Defendant will plead guilty to Counts 1, 2, 12, 38, and 40 of the Indictment, that is, Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count 1); Conspiracy to Distribute a Controlled Substance (400 Grams or More of a Mixture and Substance Containing Fentanyl), in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A) (Count 2); Firearms Trafficking Conspiracy, in violation of Title 18, United States Code, Section 933(a)(1), 933(a)(2), 933(a)(3), and 933(b) (Count 12); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count 38); and Illegal Possession of a Machinegun, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2) (Count 40). Defendant also agrees to forfeiture of the property set forth in the Plea Agreement and listed in the Indictment.

1

2. <u>Charges Being Dismissed</u>. If the Court accepts this Plea Agreement, Counts 3, 39, 42, 45, 46, and 47 of the Indictment, that is, Conspiracy to Distribute a Controlled Substance (a Mixture and Substance Containing Marijuana), in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D) (Count 3); Unlawful User in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(8) (Count 39); and Distribution of a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C) (Counts 42, 45, 46, and 47), will be dismissed at the time of sentencing. Defendant understands that, even though Counts 3, 39, 42, 45, 46, and 47 will be dismissed, all relevant conduct including the conduct that supported the charges in Counts 3, 39, 42, 45, 46, and 47 will be considered by the Court at the time of sentencing.

**B. MAXIMUM PENALTIES**

3. <u>Maximum and Mandatory Minimum Punishment</u>. Defendant understands that the crime to which Defendant is pleading guilty in Count 1 carries a maximum sentence of life in prison; a maximum fine of $250,000; and a term of supervised release of up to five (5) years. Defendant further understands that the crime to which Defendant is pleading guilty in Count 2 carries a mandatory minimum sentence of at least ten (10) years in prison and a maximum sentence of life in prison; a maximum fine of $10,000,000; and a term of supervised release of at least five (5) years up to life. Defendant further understands that the crime to which Defendant is pleading guilty in Count 12 carries a maximum sentence of 15 years in prison; a maximum fine of $250,000; and a term of supervised release of up to three (3) years.

Defendant understands that the crime to which Defendant is pleading guilty in Count 38 carries a mandatory minimum term of imprisonment of at least five (5) years and a maximum sentence of life in prison; a maximum fine of $250,000; and a term of supervised release of up to five (5) years. Defendant further understands that the crime to which Defendant is pleading guilty in Count 40 carries a maximum sentence of ten (10) years in prison; a maximum fine of $250,000; and a term of supervised release of up to three (3) years. A mandatory special assessment of $100 per count must also be imposed by the Court. Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentence unless the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e). No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum. Defendant understands that these sentences may be imposed consecutively.

4. <u>Mandatory Consecutive Sentence</u>. Defendant specifically understands that the five-year term of imprisonment for Count 38 must be imposed consecutive to any other term of imprisonment.

5. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than five (5) years in prison on any such revocation, without any credit for time previously served.

6. <u>Detention</u>. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

## C. NATURE OF THE OFFENSE – FACTUAL BASIS

7. <u>Elements Understood</u>. Defendant understands that to prove the offense alleged under **Count 1 (Racketeering Conspiracy)**, the Government would be required to prove beyond a reasonable doubt the following elements:

    (a) An enterprise, as that term is defined in 18 U.S.C. § 1961(4) and described in the Indictment, existed in the Southern District of Iowa and elsewhere;

    (b) The enterprise engaged in, or its activities in some way affected, interstate or foreign commerce;

    (c) The defendant was associated with the enterprise;

    (d) During the time period charged in the Indictment, two or more persons reached an agreement or came to an understanding to conduct or participate in the affairs of the enterprise, directly or indirectly, through a pattern of racketeering activity; and

    (e) The defendant voluntarily and intentionally joined in the agreement or understanding that a conspirator would conduct, or participate in the conduct of, the affairs of the enterprise through a pattern of racketeering activity.

Defendant further understands that to prove the offense alleged under **Count 2 (Conspiracy to Distribute a Controlled Substance)**, the Government would be required to prove beyond a reasonable doubt the following elements:

    (a) On or about the dates charged, two or more persons reached an agreement or came to an understanding to distribute a controlled substance;

(b) The defendant voluntarily and intentionally joined the agreement or understanding, either at the time it was made, or at some later time while it was still in effect;

(c) At the time the defendant joined the agreement or understanding, he knew the purpose of the agreement or understanding was to distribute a controlled substance; and

(d) The agreement or understanding involved 400 grams or more of a mixture and substance containing fentanyl.

Defendant further understands that to prove the offenses alleged under **Count 12 (Firearms Trafficking Conspiracy)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a) On or about the date charged, two or more persons reached an agreement or came to an understanding to traffic a firearm, that is, ship, transport, transfer, cause to be transported, or dispose of a firearm to another person, knowing or having reasonable cause to believe that the use, carrying, or possession of that firearm by the other person/recipient would constitute a felony;

(b) The defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

(c) At the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

(d) That the shipping, transporting, transferring, causing to be transported, or disposition of the firearm was in or otherwise affecting interstate or foreign commerce.

Defendant further understands that to prove the offense alleged under **Count 38 (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)**, the Government would be required to prove beyond a reasonable doubt the following elements:

5

(a) The defendant committed the crime of conspiracy to distribute a controlled substance; and

(b) The defendant knowingly possessed a firearm in furtherance of that crime.

Defendant further understands that to prove the offense alleged under **Count 40 (Illegal Possession of a Machinegun)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a) On or about the date charged, the defendant knowingly possessed a machinegun; and

(b) The defendant knew of, or was aware of, the essential characteristics of the firearm which made it a machinegun.

8. <u>Factual Basis</u>. As a factual basis for Defendant's pleas of guilty, Defendant admits the following:

(a) Only My Brothers (OMB) is a gang composed of individuals primarily operating in the Des Moines, Iowa, area. Its origins began in approximately early- to mid-2021, and it operated until the date of the Indictment. Prior to that, some members and associates of OMB referred to themselves as various other names, including C-Block, 600, C600, East Side Crips, Crips, and Gangster Disciples. OMB's primary rivals were gangs known as Strap Gang, SMG, Heavy Hittas, 500, Bloods, and Vice Lords.

(b) OMB members and associates signified their affiliation with the gang through the use of hand-signs and gestures; symbols such as the shark emoji; shark-related clothing and accessories; and the color blue. Members and associates also used social networking websites such as Facebook, Instagram, and Snapchat to post photographs, videos, and statements that identified and highlighted the existence of the gang, affiliation with the gang, and gang-related accomplishments. Members and associates also communicated via cellular telephones and other mobiles devices, using these instruments to plan their criminal activities, update each other about gang activity, boast about the gang, promote the gang, and disrespect rival gangs.

(c) OMB members and associates worked together against rival gangs to defend their territory, to promote and maintain the status and reputation of OMB, and to retaliate with acts and threats of violence for perceived wrongs. OMB members and associates joined together to enrich the members and associates of the enterprise through criminal activity, including selling fentanyl, marijuana, and other controlled substances that originated outside the state of Iowa, as well as firearms trafficking. To protect and preserve their drug trafficking and integrity of their enterprise, OMB members and associates also used and threatened the use of intimidation, violence, assaults, thefts, and attempted murder against rivals, potential witnesses, and innocent people. The acts often involved firearms that originated outside the state of Iowa.

(d) OMB, including its membership and associates, constituted an enterprise, that is, a group of individuals associated in fact, the activities of which affected interstate and foreign commerce, as defined in 18 U.S.C. § 1961(4). The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

(e) From in or about May 2021 through the date of the Indictment, Defendant, Semaj Johnson a/k/a Maj and 10mill, Santiz Cortez Langford Jr. a/k/a Tiz and Tizwick, Dahaba Bahari Lula a/k/a Haba, Avontae Lamar Tucker a/k/a Tae Tae, Dawn Ellease Robinson a/k/a Dawn Ellease Colbert, Deon Ellease Cooper were members and associates of OMB. Thus, they reached an agreement or came to an understanding to conduct or participate in the affairs of OMB, directly or indirectly, through a pattern of racketeering activity, as defined in 18 U.S.C. § 1961(1) and 1961(5).

(f) During that time period, Defendant voluntarily and intentionally joined the agreement or understanding, in that he agreed that at least one member or associate of the enterprise would conspire to commit racketeering acts. Specifically, Defendant agreed that racketeering acts would be committed involving the felonious buying, selling, and otherwise dealing in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846, and personally committed such, as further outlined below. Additionally, Defendant agreed that racketeering acts would be committed involving the trafficking of firearms, in violation of

Title 18, United States Code, Section 933, and personally committed such, as further outlined below.

(g) Beginning at least by November 1, 2021, and continuing until his arrest, Defendant had an agreement or understanding with others, including Armani Eugene Gates, Deadrian Maurice Nelson, Trent Douglas Brown, Santiz Cortez Langford Jr., Semaj Johnson, Avontae Lamar Tucker, and Dahaba Bahari Lula, to distribute fentanyl in the Southern District of Iowa. The agreement or understanding involved at least 400 grams of a mixture and substance containing fentanyl.

(h) Defendant voluntarily and intentionally joined in that agreement or understanding, knowing its purpose was to distribute a controlled substance, and specifically more than 400 grams of a mixture and substance containing fentanyl.

(i) Specifically, Defendant and his co-conspirators acquired fentanyl from various sources and then he personally distributed it to customers in the Southern District of Iowa, which included members and associates of the OMB enterprise. Defendant then work with others in the OMB enterprise to distribute fentanyl to customers, including distributions in the Southern District of Iowa on March 22, April 26, May 18, June 22 of 2023.

(j) On February 17, 2023, Defendant was encountered by law enforcement at a cemetery in Des Moines, Iowa. At that time, Defendant knowingly possessed a loaded Glock, model 27, .40 caliber pistol, with serial number AGSP951. Upon that firearm's recovery, it had affixed to it an automatic selector switch, which is a machinegun under federal law. Defendant knew the features of this automatic selector switch, including that it converted the semi-automatic Glock pistol into a fully automatic machinegun. Defendant knowingly possessed this pistol and machinegun in connection with his commission of the crime of Conspiracy to Distribute a Controlled Substance, as outlined above and in Count 2. Specifically, Defendant knowingly possessed this firearm and machinegun, at least in part, to protect himself, his drugs and his drug proceeds, and his co-conspirators' drugs and drug proceeds, in furtherance of his ongoing drug trafficking activity.

(k) Between July 21, 2022, and February 17, 2023, Defendant and Armani Gates reached an agreement, or came to an understanding to traffic the above-mentioned Glock, model 27,

8

.40 caliber pistol, with serial number AGSP951, via transfer from Gates to Defendant in the Southern District of Iowa. Defendant and Gates each knew, or had reasonable cause to believe, that Defendant's receipt of the firearm would constitute a felony, namely: unlawful user in possession of firearm (in violation of 18 U.S.C. § 922(g)(3)) and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)).

(l) Defendant voluntarily and intentionally joined in the agreement of understanding with Gates knowing that the purpose of the agreement or understanding was for Defendant and Gates to traffic the above-noted firearm.

(m) The trafficking of the Glock, model 27, .40 caliber pistol, with serial number AGSP951, affected interstate commerce, as it was not manufactured in the state of Iowa.

9. <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10. <u>Venue</u>. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

D. **SENTENCING**

11. <u>Sentencing Guidelines</u>. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a) The nature of the offenses to which Defendant is pleading guilty;

(b) The quantity of drugs involved;

(c) Defendant's role in the offense;

(d) Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

(e) The nature and extent of Defendant's criminal history (prior convictions); and

(f) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12. <u>Acceptance of Responsibility</u>. The Government agrees as a recommendation to the District Court that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a). The Government reserves the right to oppose a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise fails to clearly demonstrate acceptance of responsibility. If Defendant qualifies for a decrease under §3E1.1(a), and the base offense level is 16 or above, as determined by the Court, the Government agrees to make a motion to the District Court that Defendant should receive an additional 1-level reduction under USSG §3E1.1(b), based on timely notification to

the Government of Defendant's intent to plead guilty. The government may withhold this motion based on any interest identified in USSG §3E1.1.

13. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal

Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. <u>Joint Sentencing Recommendation</u>. Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the Court should impose a sentence between 240 months' and 300 months' imprisonment and will not advocate for a higher or lower sentence at the time of sentencing. The parties agree that this sentence takes into account all of the relevant factors set forth under 18 U.S.C. § 3553(a), including the advisory sentencing guidelines calculation, the nature and circumstances of the offense, the history and characteristics of Defendant, and other pertinent factors. Should the Court decline to impose this recommended sentence, Defendant may withdraw Defendant's plea of guilty and the case will then be set for trial; likewise, if the Court declines to impose the recommended sentence, the Government also may withdraw from this Plea Agreement and the case will be set for trial. In the event that the relevant advisory guidelines are amended and made retroactive under 18 U.S.C. § 3582(c)(2), Defendant waives any right to seek a sentencing reduction in exchange for this Rule 11(c)(1)(C) Plea Agreement.

E.  **FINES, COSTS, FORFEITURE**

17. <u>Forfeiture</u>.  Defendant agrees to forfeiture of the property identified in the Indictment, specifically a Glock, model 27, .40 caliber pistol, with serial number AGSP951; automatic selector switch; magazines; ammunition; and firearm parts. Defendant will execute any documents as directed by the Government to complete the forfeiture.

18. <u>Waivers Regarding Forfeiture</u>.  Defendant waives all challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds.  Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

19. <u>Consent to Judgment of Forfeiture</u>.  Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing,

and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

20. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

21. <u>Special Assessment</u>. Defendant agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013.

22. <u>Financial Statement</u>. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

## F. LIMITED SCOPE OF AGREEMENT

23. <u>Limited Scope of Agreement</u>. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

24. <u>Agreement Limited to Southern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and

cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

G.  **WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS**

25.  <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

(a)  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b)  A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c)  The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d)  Confront and cross-examine adverse witnesses;

(e)  Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f)  Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g)  If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

26.  <u>Waiver of Appeal and Post-Conviction Review (Mutual)</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s), or to the Court's entry of judgment against Defendant. If the Court imposes a sentence within the range recommended by the

15

parties, Defendant and the Government also waive any and all rights to appeal Defendant's sentence. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

**H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL**

27. <u>Voluntariness of Plea</u>. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

> (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.
>
> (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.
>
> (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.
>
> (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

28. <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

> (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

16

(b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

I. **GENERAL PROVISIONS**

29. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

30. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

J. **SIGNATURES**

32. <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am

satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

_6-12-24_  _Majok Majok_
Date                                Majok Majok

33. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

_6-12-24_  _[signature]_
Date                                Stuart J. Dornan
                                    Attorney for Majok Majok

34. <u>United States</u>.  The Government agrees to the terms of this Plea Agreement.

 

|  |  |  |
|---|---|---|
|  |  | Richard D. Westphal<br>United States Attorney |
| <u>6/12/2024</u><br>Date | By: | *Kristin Herrera* (signature)<br>Kristin M. Herrera<br>Mallory E. Weiser<br>Assistant U.S. Attorneys<br>Neal Smith Federal Building<br>210 Walnut Street, Suite 455<br>Des Moines, Iowa 50309<br>Telephone: 515-473-9300<br>Telefax: 515-473-9292<br>E-mail: kristin.herrera@usdoj.gov |