IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:23CR-153 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **SENTENCING BRIEF** |
| | ) | |
| MAJOK MAJOK, | ) | |
| | ) | |
| Defendant. | ) | |

**TABLE OF CONTENTS**

I.   DEFENDANT'S SENTENCING REQUEST ................................................................... 2

II.  LAW ............................................................................................................................... 2

III. 18 U.S.C. § 3553(a) FACTORS .................................................................................... 3

IV.  CONCLUSION .............................................................................................................. 5

## I.   DEFENDANT'S SENTENCING REQUEST

The Defendant respectfully requests that the Court accept the 11(c)(1)(C) Plea Agreement at Doc. No. 150 and sentence Defendant to the floor of 240 months for the reasons submitted herein. Additionally, Defendant requests that the sentence imposed in Iowa state court case SRCR367607 be run concurrently with the sentence imposed in the instant matter.

## II.   LAW

The methodology for determining a Defendant's sentence is as follows: The district court should begin "by correctly calculating the applicable Guidelines range." *United States v. Hill*, 552 F.3d 686, 691 (8th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)) (internal citations omitted); *United States v. Roberson*, 517 F.3d 990, 993 (8th Cir. 2008); *see also* U*nited States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc). "[T]he Guidelines should be the starting point and the initial benchmark [, but] [t]he Guidelines are not the only consideration[.]" *Id.* The district judge should allow "both parties an opportunity to argue for whatever sentence they deem appropriate," and then should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.*

An argument for a sentence outside the Guidelines range may "take either of two forms." *Rita v. United States*, 551 U.S. 338, 344 (2007). A party may "argue *within the Guidelines' framework*, for a departure." *Id*. (emphasis in original), or a party may "argue that, independent of the Guidelines, application of the factors set forth in 18 U.S.C. § 3553(a) warrants a [different] sentence." *Id*. Although "similar factors may justify either a variance or a traditional departure," district courts are empowered to determine whether and to what extent a variance is appropriate in light of the § 3553(a) factors, and are not limited by the Guidelines' departure policy framework. *United States v. Woods*, 670 F.3d 883, 888 (8th Cir. 2012)*, United States v. VandeBrake*, 679 F.3d

1030, 1037 (8th Cir. 2012); *see also United States v. Chase*, 560 F.3d 828, 832 (8th Cir. 2009); *United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009).

### III.   18 U.S.C. § 3553(a) FACTORS

a) U.S.S.G. § 5H1.1 – Age. Defendant is twenty-one (21) years of age. As of 2024, the Federal Sentencing Guidelines have been amended to contemplate and account for the unique position that young offenders occupy. Defendant is twenty-one (21) years of age right now, but he was still in his teen years of age during a large portion of the time he committed these offenses. The reasoning for this amendment regarding young offenders reads:

> Reason for Amendment: This amendment makes several revisions to §5H1.1 (Age (Policy Statement)), which addresses the relevance of age in sentencing. Before the amendment, §5H1.1 provided, in relevant part, that "[a]ge (including youth) may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines."
>
> The amendment revises the first sentence in §5H1.1 to provide more broadly that "[a]ge may be relevant in determining whether a departure is warranted." It also adds language specifically providing that a downward departure may be warranted in cases in which the defendant was youthful at the time of the instant offense or any prior offenses. In line with the Commission's statutory duty to establish sentencing policies that reflect "advancement in knowledge of human behavior as it relates to the criminal justice process," 28 U.S.C. § 991(b)(1)(C), this amendment reflects the evolving science and data surrounding youthful individuals, including recognition of the age-crime curve and that cognitive changes lasting into the mid-20s affect individual behavior and culpability. The amendment also reflects expert testimony to the Commission indicating that certain risk factors may contribute to youthful involvement in criminal justice systems, while protective factors, including appropriate interventions, may promote desistance from crime.
>
> Science is only beginning to catch up with how institutionalization affects the developing brain; and, as always, the law is much slower to adopt science's findings.

This leaves young adults caught in the crosshairs of a system that functions to protect the public; but instead sometimes inadvertently further damages young incarcerated individuals, leading to further recidivism instead of promoting deterrence. Additionally, all of the criminal history points which Defendant has garnered were the result of activities undertaken as a juvenile/teenager. In fact, three of the four Criminal History Points assigned to Defendant are from juvenile adjudications from conduct Defendant committed when he was only fourteen and/or fifteen years old. Without those convictions being considered for categorization purposes, Defendant's adult convictions would place him into Criminal History Category I, and his resulting Advisory Guideline Range would become 324-405 plus the additional 60 months for the 924(c) conviction.

b) Defendant was born to parents who were never married; and throughout his childhood, he experienced food insecurity and times when his family was without electricity;

c) Defendant only saw his father on occasion until he was seventeen years of age, when they developed a closer relationship;

d) Defendant's father has a history of alcohol abuse;

e) Defendant began using marijuana at age 14;

f) Defendant began using alcohol at age 16;

g) Defendant had an individualized education program in high school due to his difficulties with reading; and

h) While in custody at the Polk County Jail, Defendant attended five substance abuse education classes.

## IV.    CONCLUSION

It is the wish of the Court, society and the Defendant, Majok Majok, that he is granted a sentence that enables him to justly serve time for his wrongdoings and allow him to return to the community as a productive and law-abiding citizen. A sentence to the floor of 240 months pursuant to the 11(c)(1)(C) Plea Agreement at Doc. No. 150 is sufficient but not greater than necessary in the present matter to accommodate this desire. Defendant additionally requests that the sentence imposed in this matter be run concurrently with the sentence imposed in Iowa state case SRCR367607. The Defendant respectfully requests that the Court impose a sentence of 240 months.

MAJOK MAJOK, Defendant,

By:   s/*Stuart J. Dornan*
STUART J. DORNAN, #A0011658
Attorney for Defendant
Dornan, Troia, Howard, Breitkreutz
Dahlquist & Klein PC LLO
1403 Farnam Street, Suite 232
Omaha, Nebraska 68102
(402) 884-7044 (phone)
(402) 884-7045 (fax)
stu@dltlawyers.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 5, 2025, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

  Kristin Herrera, Assistant United States Attorney
  Mallory E. Weiser, Assistant United States Attorney
  Richard Westphal, Southern District of Iowa United States Attorney

and I hereby certify that I have emailed the document to the following:

  Kaitlyn M. Kelly, United States Probation Officer

              *s/Stuart J. Dornan*
              STUART J. DORNAN, #A0011658
              Attorney for Defendant